IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEANNE M. GODWIN, | : |
| Petitioner, | : |
| v. | : Civil Action No. 16-104-RGA |
| DAVID PIERCE, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## **MEMORANDUM OPINION**

Seanne M. Godwin. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

May ___, 2017
Wilmington, Delaware

*Richard G. Andrews* [signature]

ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Seanne M. Godwin ("Petitioner"). (D.I. 3) The State filed an Answer in opposition. (D.I. 11) For the reasons discussed, the Court will deny the Petition for lack of jurisdiction.

## I. BACKGROUND

In October 2010, Petitioner was indicted on the following charges: (1) possession of marijuana within 1,000 feet of a school; (2) two counts of possession of drug paraphernalia; (3) resisting arrest; (4) possession of marijuana; and (5) failure to have a bicycle lamp at night. (D.I. 11 at 2) On November 3, 2010, Petitioner pled guilty to possession of marijuana within 1,000 feet of a school and resisting arrest, in exchange for which the State dismissed the balance of the indictment. (D.I. 15-6 at 33) The Superior Court immediately sentenced him to a total of six years at Level V incarceration, suspended after six months for one year at Level III probation. (D.I. 15-6 at 35-38) Petitioner did not appeal that conviction or sentence. (D.I. 11 at 2)

On July 8, 2011, the Department of Correction filed a violation of probation ("VOP") report. (D.I. 11 at 2) On October 20, 2011, the Superior Court found Petitioner to have committed a VOP but, rather than resentence him, the Superior Court discharged him as unimproved.[1] (D.I. 15-6 at 40)

---

[1] In a totally unrelated case in December 2013, a Delaware Superior Court jury found Petitioner guilty of drug dealing and second degree conspiracy. (D.I. 11 at 2 n.2) He was sentenced as a habitual offender to life in prison. *Id.* The Delaware Supreme Court affirmed that conviction and sentence. *See Godwin v. State*, 116 A.3d 1243 (Table), 2015 WL 4136922 (Del. June 30, 2015).

On May 6, 2014, on behalf of Petitioner and many other prisoners, the Delaware Public Defender's Office filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 15-6 at 16-29) The Superior Court denied the Rule 61 motion on April 20, 2015, and the Delaware Supreme Court affirmed that decision on October 19, 2015. (D.I. 15-6 at 1-3, 4-14)

The instant Petition was received and docketed on February 22, 2016. (D.I. 3) In his sole ground for relief, Petitioner contends that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose ongoing governmental misconduct at the Office of the Chief Medical Examiner ("OCME") that was discovered in 2014, and this failure rendered his 2010 guilty plea involuntary. (D.I. 3 at 3) In response, the State asserts that the Court should dismiss the Petition for lack of jurisdiction, as time-barred, as procedurally barred, or as meritless. (D.I. 11)

## II. JURISDICTION

Pursuant to AEDPA, a federal court has jurisdiction to consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement of § 2254 is met only if the petitioner is in custody pursuant to the judgment or sentence he seeks to attack **at the time the petition is filed.** *See Maleng v. Cook,* 490 U.S. 488, 491-92 (1989); *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003). A petitioner also satisfies the "custody" requirement if he is on probation or parole when he files his petition. *See Maleng*, 490 U.S. at 491; *Barry v. Brower*, 864 F.2d 294, 296 (3d Cir. 1988).

2

In this proceeding, Petitioner challenges his 2010 conviction for marijuana possession. Petitioner's sentence for his 2010 conviction was completed on October 20, 2011, when the Superior Court discharged him as unimproved from his probation. Although Petitioner is currently incarcerated, his incarceration is the result of a drug dealing conviction he received in 2013. Petitioner did not file the instant Petition until February 2016, more than four years after the full termination of the 2010 sentence that was imposed for his marijuana possession conviction. Since Petitioner is no longer in custody for the conviction currently being challenged, the Court does not have jurisdiction over the instant Petition. Accordingly, the Court will deny the instant Petition for lack of jurisdiction.[2]

## IV.  CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that it lacks jurisdiction over the instant Petition. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

---

[2]Having concluded that it must deny the Petition for lack of jurisdiction, the Court will not address the State's three other alternate reasons for denying the Petition.

## V. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied for lack of jurisdiction. An appropriate Order will be entered.